IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:26-CV-7-BO-RN

| | | |
|---|---|---|
| QUARLA NAKIA BLACKWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CITY OF KINSTON and | ) | |
| KINSTON POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II. [DE 6]. The M&R recommends plaintiff's complaint be dismissed subject to frivolity review. [DE 6] 1, 12. Plaintiff, who proceeds *pro se*, filed an objection [DE 7] to the M&R. The matter is ripe for ruling. For the reasons that follow, the recommendation of the magistrate judge is adopted.

## BACKGROUND

According to exhibits attached to the complaint, plaintiff filed as a candidate for the Kinston City Council on July 14, 2025. [DE 1-2] 2.

On September 19, 2025, deputies were alerted to an internet post regarding a formal protest filed against plaintiff. *Id.* The protest alleged plaintiff was ineligible to serve on the council because she was on probation following a Class 1 felony conviction for attempting to flee to elude arrest. *Id.* The conviction occurred on March 20, 2023, and she had been sentenced to 60 months supervised probation. *Id.*

Upon reviewing plaintiff's filings, deputies found that plaintiff had disclosed her felony conviction, but she had also represented that her rights were restored as of 2025. *Id.* Deputies discerned the latter representation to be false because she had not yet completed her probation, and they prepared to arrest plaintiff for perjury and swearing falsely. *Id.*; [DE 1-2] 3, 7.

An article was published on September 30, 2025, stating the Kinston Police Department attempted to serve the warrant for arrest on plaintiff after receiving a tip that she was at the magistrate's office, but that she had fled the scene before they arrived. [DE 1-2] 6.

Another article later released corrected the prior statements regarding the details of her arrest. [DE 1-2] 8-10. Plaintiff clarified that, on the day of her arrest, she had called 9-1-1 and reported that she was on her way to the magistrate's office to turn herself in. *Id.* at 9-10. Officers were then told that plaintiff was already at the magistrate's office. *Id.* When the officers arrived before her, they assumed she had fled arrest. *Id.* The Kinston Police Department apologized for the false statement that plaintiff had "fled arrest"—characterized as a mistake caused by a miscommunication. *Id.*

Plaintiff sued the City of Kinston and the Kinston Police Department. [DE 1-1]. Specifically, plaintiff filed claims pursuant to 42 U.S.C. § 1983 against both defendants. Plaintiff also filed "Improper Charges and Selective Enforcement", First Amendment Retaliation, Equal Protection, and defamation claims against both defendants.

She also filed an application with this Court to proceed *in forma pauperis*. [DE 2]. Magistrate Judge Numbers granted that request. Accordingly, her complaint is subject to frivolity review for failure to state a claim. 28 U.S.C. § 1915(e).

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection[.]" *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

When reviewing a complaint for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

Plaintiff has objected to the M&R's recommendations dismissing each of her claims. The Court reviews each claim de novo. *Diamond*, 416 F.3d at 315. Plaintiff also made many objections based on claims not included in her complaint; the Court disregards those objections.

## A. 42 U.S.C. § 1983

Section 1983 of U.S.C. Title 42 provides a cause of action for alleged constitutional violations. 42 U.S.C. § 1983. To establish a claim, plaintiff must prove that one of his rights, secured by the Constitution or laws of the United States, has been violated, and that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To act under color of state law, the defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615–16 (4th Cir. 2009) (quoting *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

### 1. City of Kinston

To proceed under 42 U.S.C. § 1983 against a municipality, a plaintiff must demonstrate that the alleged constitutional injury is attributable to one of the municipality's official policies, procedures, or customs. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Liability is limited, however, and is not available solely under a *respondeat superior* theory. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Plaintiff has not alleged that the alleged violations of her constitutional rights were the product of some official City of Kinston procedure or custom. As such, plaintiff has not alleged sufficient facts to state a § 1983 claim against the City of Kinston.

### 2. Kinston Police Department

Plaintiff's claims against the Kinston Police Department must be dismissed because the police department is not subject to suit under North Carolina law. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981). Absent statutory authorization

4

to the contrary, only "persons in being" are subject to suit in North Carolina. *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543 (2010). "In North Carolina there is no statute authorizing suit against a police department. A municipal police department is a component of the municipality, and, therefore, lacks the capacity to be sued." *Id.* (Citations omitted). The Kinston Police Department is, thus, not subject to suit under North Carolina law, so plaintiff's claims against it must be dismissed.

### B. "Improper Charges and Selective Enforcement" Claim

Plaintiff alleges the charges brought against her by the Kinston Police Department are "discriminatory, retaliatory, and intended to harm her reputation and livelihood." [DE 1-1] at 2.

The *Younger v. Harris* doctrine holds that a federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal claim advanced in the federal suit. This doctrine also extends to state administrative proceedings. *Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). The only exceptions to the *Younger* doctrine are showings of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, plaintiff seeks to interrupt an ongoing proceeding in the North Carolina court system that implicates the state's substantial interest in administering the criminal procedures of the state. The state is fully capable of determining the constitutional issues relevant to this case. In addition, the Court finds no extraordinary circumstances present. The Court thus abstains from involvement in the state proceedings.

## C. "Failure to Protect and Serve" Claim

Plaintiff claims that defendants are liable for failing to provide her with the same level of police protection as is afforded to others. [DE 1-1] at 3. She alleges that on one occasion when she made a report to police as a crime victim, the police inaccurately listed her as the suspect in their incident report. *Id.* She also alleges that, on another occasion, she called the police for assistance and no report was created, even though an officer visited her home twice. [DE 1-1] 3. She had to repeatedly request a report be generated, which only occurred weeks later. *Id.* She essentially argues these actions constitute impermissible retaliation in violation of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. *Id.*

### 1. First Amendment Retaliation Claim

It is axiomatic that "[a] bedrock First Amendment principle is that citizens have a right to voice dissent from government policies." *Tobey v. Jones*, 706 F.3d 379, 391 (4th Cir. 2013). The First Amendment also protects individuals from retaliation for exercising that right. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

"To establish a First Amendment retaliation claim, a plaintiff must prove three elements: (i) that his speech was protected; (ii) that the defendant's alleged retaliatory action adversely affected his constitutionally protected speech; and (iii) that a causal relationship existed between his speech and the defendant's retaliatory action." *Trulock v. Freeh*, 275 F.3d 391, 404 (4th Cir. 2001). However, "[w]here there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim." *Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cnty., Md.*, 999 F.2d 780, 785 (4th Cir. 1993).

6

Here, plaintiff has not identified any protected speech. Moreover, she has not shown that the actions of the police—reporting error and reporting delay—negatively affected her exercise of her First Amendment rights. Lastly, she has failed to show that any causal relationship existed between any protected speech on her part and the police's actions. Therefore, her First Amendment retaliation claim should be dismissed for failure to state a claim.

    2. Equal Protection Claim

Plaintiff also alleges that the police's failure to timely and accurately file incident reports on her behalf violates her due process rights under the Equal Protection clause of the Fourteenth Amendment. [DE 1-1] 3. To state a claim under the Equal Protection Clause, a plaintiff must allege that she has been treated differently from those who are similarly situated and that this unequal treatment was due to intentional discrimination. *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017). Plaintiff has failed to state a claim because she has failed to allege any of those grounds. Therefore, the claim should be dismissed.

### D. Defamation Claim

In addition to her federal claims, plaintiff brings one state claim of defamation against the City of Kinston and against the Kinston Police Department, based on the factual allegation that the Department falsely reported that she fled arrest at the magistrate's office. [DE 1-1] 2.

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery*, 660 F.2d at 113–14. Here, once again, the Kinston Police Department is immune to suit. *See Wright*, 202 N.C. App. At 543.

Likewise, the state law claim against the City of Kinston is barred by governmental immunity. Governmental immunity provides a complete defense that "shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages." *Craig ex rel. Craig*, 363

7

N.C. 334, 338 (2009). This immunity exists when the government is performing governmental functions, such as providing police services. *Arrington v. Martinez*, 215 N.C. App. 252, 257–58 (2011).

Plaintiff's complaint does not plead a waiver of governmental immunity. Nor has plaintiff demonstrated that governmental immunity would not apply to her state law claim. *See, e.g., Kline v. Cleveland Cnty.*, No. 1:19-CV-197-MOC-WCM, 2020 WL 7264463, at *3 (W.D.N.C. Dec. 10, 2020) (defamation claim barred by governmental immunity).

Any state law claims alleged against the Kinston Police Department or the City of Kinston are dismissed.

## CONCLUSION

Plaintiff has failed to allege sufficient facts to state claims upon which relief can be granted under Rule 12(b)(6). Accordingly, for the foregoing reasons, plaintiff's objection [DE 7] to the memorandum and recommendation is OVERRULED. The memorandum and recommendation [DE 6] is ADOPTED in its entirety. All federal and state claims of plaintiff are DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to close the case.

SO ORDERED, this 15 day of April, 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8